**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No. **2:24-cv-06247-SSS (DTB)** Date: **June 25, 2025**

Title: **Leonardo Trujillo v. B. Birkholz**

================================================================

**DOCKET ENTRY**

================================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

Rachel Maurice
Deputy Clerk

n/a
Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:
None present

ATTORNEYS PRESENT FOR DEFENDANT(S):
None present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE REGARDING LACK OF PROSECUTION**

On July 24, 2024, Leonardo Trujillo ("Trujillo") filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition") pursuant to 28 U.S.C. §2241. (Docket No. 1). On the same date, the Court noted that Trujillo failed to pay the $5.00 filing fee or file a Request to Proceed Without Prepayment of Filing Fee. (Docket No. 2). On August 20, 2024, Trujillo paid the $5.00 filling fee. (Docket No. 4). On October 16, 2024, the Court issued an Order Regarding Petition (Docket No. 5) advising Trujillo that the Court lacked jurisdiction to consider his request for habeas relief because the Petition attacked neither the validity nor the duration of his confinement. The Court also declined to construe the Petition as a civil rights complaint without providing Trujillo notice. The Court provided Trujillo with several options on how to proceed. The first option provided to Trujillo was "If [Trujillo] desire[d] that the Court construe the Petition as a civil rights action, he must advise the Court in writing and either (1) pay the $405.00 filing (less $5.00 previously submitted) or (2) file a Request to Proceed Without Prepayment of Filing Fee."

On November 18, 2024, Trujillo filed a Request to Proceed without Prepayment of Filing Fees with Declaration in Support. (Docket No. 6). However, Trujillo did not advise the Court, in writing, if he desired that the Court construe the Petition as a civil rights action. On November 27, 2024, the Court ordered Trujillo to advise the Court, in writing, on or before December 20, 2024, how he desired to proceed with this action.

On January 6, 2025, Trujillo filed another Request to Proceed without Prepayment of Filing Fees with Declaration in Support along with correspondence wherein he advised the Court that he desired the Court to construe his Petition as a civil rights action. (Docket No. 8).

On January 13, 2025, the Court construed the Petition as a Civil Rights Complaint and directed the Clerk to make the necessary changes to the Court's docket to reflect the same. (Docket No. 10). On January 16, 2025, the Court granted Trujillo's ("Plaintiff") Request to Proceed without Prepayment of Filing Fees with Declaration in Support. (Docket No. 11). On January 30, 2025, the Court issued an Order re Service of Complaint as well as an Order Directing Service of Process by the United States Marshall. (Docket Nos. 12, 13). On March 10, 2025, the Court issued an Amended Order re: Service of Complaint, providing Plaintiff with a blank Notice of Submission and USM-285 form(s) for service of process by the United States Marshal. (Docket No. 14). No later than April 10, 2025, Plaintiff was to file with the Court, a Notice of Submission indicating that the completed USM-285 form(s) had been provided to the Court. Plaintiff was admonished that should he fail to submit the completed USM-285 form(s) and file the Notice of Submission by April 10, 2025, this action would be subject to dismissal without prejudice for Plaintiff's failure to comply with the Court's Order and/or Plaintiff's failure to prosecute.

In light of Plaintiff's pro se status, on May 16, 2025, the Court, *sua sponte*, extended Plaintiff's time up to and including **June 9, 2025** to file his Notice of Submission of Documents. As of this date, Plaintiff has failed to file his Notice of Submission of Documents. Accordingly, Plaintiff is ordered to show cause, in writing, no later than **July 25, 2025**, why this action should not be dismissed, without prejudice, for failure to prosecute.

This Order to Show Cause will be discharged upon the filing of his Notice of Submission of Documents. If Plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). A notice of dismissal form is attached for Plaintiff's convenience. Plaintiff is warned that a failure to timely respond to this Order to Show Cause will result in a recommendation that this action be dismissed, without prejudice, under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey Court orders.

**IT IS SO ORDERED.**



Initials of Deputy Clerk RAM